UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

FARID FATA, M.D.,

        Defendant.

_____/

Case: 2:13-cr-20600
Judge: Borman, Paul D.
MJ: Michelson, Laurie J.
Filed: 08-14-2013 At 02:23 PM
INDI USA V. FARID FATA (DA)

VIO: 18 U.S.C. § 1347
      18 U.S.C. § 982

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

1.    The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United State Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by 18 U.S.C. § 24(b).

3. The Medicare Program included coverage under two primary components—hospital insurance (Part A) and medical insurance (Part B). Part B of the Medicare Program covered the costs of physicians' services and other ancillary services (including testing) not covered by Part A. The claims at issue in this indictment were submitted under Part B of the Medicare Program.

4. Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B in the state of Michigan. TrustSolutions LLC was the Program Safeguard Contractor for Medicare Part B in the State of Michigan until April 24, 2012, when it was replaced by Cahaba Safeguard Administrators LLC.

5. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

6. Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider would submit a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

7. Health care providers were given and provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for medically necessary services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim.

8. To receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a Form CMS-1500 or UB-04), containing the required information appropriately identifying the provider, beneficiary, and services rendered, among other things.

9. Michigan Hematology Oncology, P.C. (MHO) was a Michigan corporation, incorporated in or around April 2005, doing business at various locations in the Eastern District of Michigan, including 1901 Star Batt Drive, Suite 200, Rochester Hills, Michigan; 5680 Bow Pointe Drive, Suite 201, Clarkston, Michigan; 2520 S. Telegraph Road, Suite 107, Bloomfield Hills, Michigan; 944 Baldwin Road, Suite G, Lapeer, Michigan; 37450 Dequindre Road, Sterling Heights, Michigan; 2891 E. Maple, Suite 102, Troy, Michigan; and 15300 W. 9 Mile Road, Oak Park, Michigan. MHO was enrolled as a participating provider with Medicare.

10. Defendant FARID FATA, M.D., a resident of Oakland County, Michigan, was a Medical Doctor licensed in the State of Michigan. FARID FATA, M.D., owned and operated MHO. FARID FATA, M.D., was enrolled as a participating provider with Medicare.

## COUNT 1
## (18 U.S.C. § 1347 – Health Care Fraud)

### FARID FATA, M.D.

11. Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

12. From in or around August 2010, and continuing through in or around August 2013, the exact dates being unknown to the Grand Jury, in Oakland County, in the Eastern District of Michigan, and elsewhere, the defendant, FARID FATA, M.D., in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

13. It was a purpose of the scheme and artifice for FARID FATA, M.D., to unlawfully enrich himself through the submission of false and fraudulent Medicare claims for services that were not medically necessary.

### The Scheme and Artifice

14. FARID FATA, M.D., would submit or cause the submission of false and fraudulent claims to Medicare for services that were not medically necessary, including claims for (a) administering chemotherapy and other cancer treatments to

patients whose medical conditions did not support the treatments; (b) administering intravenous immunoglobulin therapy to patients whose medical conditions did not support the therapy; and (c) administering intravenous iron treatments to patients who were not iron deficient.

15. From in or around August 2010, through in or around July 2013, FARID FATA, M.D., submitted and caused MHO to submit over $150 million in claims to Medicare. Of that amount, Medicare paid over $62 million.

## CRIMINAL FORFEITURE
## (18 U.S.C. § 982)

16. The above allegations contained in this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982.

17. As a result of the violations of 18 U.S.C. § 1347, as set forth in this Indictment, FARID FATA, M.D., shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 982(a)(7).

18. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek to forfeit any other property of the defendant up to the value of the forfeitable property described above.

19.     Money Judgment: A sum of money in United States currency in the amount representing the total amount of proceeds obtained as a result of defendant's violations, as alleged in this Indictment.

THIS IS A TRUE BILL.

                                                                                      S/Grand Jury Foreperson

Dated: August 14, 2013

BARBARA L. MCQUADE
United States Attorney

| s/WAYNE F. PRATT | s/CATHERINE K. DICK |
|---|---|
| WAYNE F. PRATT | CATHERINE K. DICK |
| Chief, Health Care Fraud Unit | Assistant Chief |
| Assistant United States Attorney | Criminal Division, Fraud Section |
| 211 W. Fort Street, Suite 2001 | U.S. Department of Justice |
| Detroit, Michigan 48226 | 1400 New York Avenue, N.W. |
| (313) 226-9583 | Washington, D.C. 20005 |
| wayne.pratt@usdoj.gov | (202) 538-4049 |
| | (313) 226-0230 |
| | catherine.dick@usdoj.gov |
| | |
| s/SARAH RESNICK COHEN | s/MATTHEW C. THUESEN |
| SARAH RESNICK COHEN | MATTHEW C. THUESEN |
| Deputy Chief, Health Care Fraud Unit | Trial Attorney |
| Assistant United States Attorney | Criminal Division, Fraud Section |
| 211 W. Fort Street, Suite 2001 | U.S. Department of Justice |
| Detroit, Michigan 48226 | 1400 New York Avenue, N.W. |
| (313) 226-9637 | Washington, D.C. 20005 |
| sarah.cohen@usdoj.gov | (202) 679-4187 |
| | (313) 226-0829 |
| | matthew.thuesen@usdoj.gov |

8

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov** | Case: 2:13-cr-20600<br>Judge: Borman, Paul D.<br>MJ: Michelson, Laurie J.<br>Filed: 08-14-2013 At 02:23 PM<br>INDI USA V. FARID FATA (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes     XX No | AUSA's Initials: _CKD_ |

**Case Title:** USA v. FARID FATA

**County where offense occurred:** OAKLAND COUNTY

**Check One:**   **XX Felony**        ☐ Misdemeanor        ☐ Petty

____Indictment/____Information --- **no** prior complaint.
**XX** **Indictment**/____Information --- based upon prior complaint [Case number: 2:13-MJ-30484]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____
   ☐   Original case was terminated; no additional charges or defendants.
   ☐   Corrects errors; no additional charges or defendants.
   ☐   Involves, for plea purposes, different charges or adds counts.
   ☐   Embraces same subject matter but adds the additional defendants or charges below:
   **Defendant name**          **Charges**          **Prior Complaint (if applicable)**

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

August 14, 2013
Date

CATHERINE K. DICK
Assistant Chief
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 538-4049
Phone: (313) 226-0230
Fax: (313) 226-2621
E-Mail address: Catherine.Dick@usdoj.gov
Attorney Bar #: IL 292702

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09