UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    CASE NO. 13-20600

v.                                   HONORABLE: PAUL D. BORMAN

FARID FATA, M.D.,

       Defendant.
_____/

**STIPULATED PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Linda Aouate, Assistant United States Attorney, and Defendant Farid Fata ("Defendant") with his attorneys, Christopher Andreoff, Esq. and Mark Kriger, Esq., hereby submit this Stipulated Preliminary Order of Forfeiture for immediate entry by the Court:

    1.    On January 15, 2014 a Fourth Superseding Indictment was filed against Defendant which charged him with Health Care Fraud (Counts 1-19), pursuant to 18 U.S.C. § 1347; Conspiracy to Pay and Receive Kickbacks (Count 20), pursuant to 18 U.S.C. § 371; Unlawful Procurement of Naturalization (Count 21), pursuant to 18 U.S.C. § 1425(a); and Money Laundering (Counts 22-23),

1

pursuant to 18 U.S.C. § 1956(a)(1)(A)(i).  Criminal Forfeiture allegations were also included in the Fourth Superseding Indictment.  (*Dkt. #66*).

2. On April 15, 2014, the government filed a Second Superseding Forfeiture Bill of Particulars, giving notice of the government's intention to forfeit specific assets upon conviction of any of the allegations contained within the Fourth Superseding Indictment.  The government also provided notice of its intent to seek a forfeiture money judgment in the amount representing (a) the total amount of proceeds obtained as a result of Defendant's violations, and (b) the total amount involved in defendant's money laundering offenses, as alleged in the Fourth Superseding Indictment.  (*Dkt. #86*).

3. On December 3, 2014, the government filed a Supplement to Government's Second Superseding Forfeiture Bill of Particulars, giving notice of additional property subject to forfeiture (*Dkt. #117*).

4. On September 16, 2014, Defendant pled guilty to Health Care Fraud (Counts 3-6 and 9-17) in violation of 18 U.S.C. § 1347, Conspiracy to Pay and Receive Kickbacks (Count 20) in violation of 18 U.S.C. § 371, and Money Laundering (Counts 22-23) in violation of 18 U.S.C. § 1956(a)(1)(A)(i), as charged in the Fourth Superseding Indictment.

5. Defendant, by signing below, on behalf of himself and on behalf of his legal interests in all of the companies in which he has an interest, surrenders

2

any and all rights to $1,035,304.61 in funds from Cor Clearing, bank account #57056663, in the name of Farid Fata TTEE Michigan Hematology Oncology (i.e., rights to funds in the Michigan Hematology Oncology, P.C. Cash Pension Plan), and agrees that such rights and funds shall be used toward the payment of any restitution order that is entered in this case.[1]

6. Defendant, by signing below, on behalf of himself and all companies in which he has an interest, agrees to assist the government in obtaining title to any and all of the assets covered by this Stipulated Preliminary Order of Forfeiture and agrees to sign any documents that the government deems necessary to accomplish the forfeiture of such assets, or to accomplish the use of such assets toward the payment of Defendant's restitution obligation in this criminal case, with the decision as to the manner in which to proceed to be within the sole discretion of the government.

7. By signing below, Defendant, on behalf of himself and on behalf of his interests in all companies in which he has an interest, (a) releases any and all interests in or claims to assets that are being administered in the action for the benefit of creditors, In RE Michigan Hematology-Oncology, PC, et al., Case No. 2013-137010, which is pending in State of Michigan In the Circuit Court for the County of Oakland (the "ABC case") and agrees that those assets constitute

---

[1] Defendant agrees to his interest in the Plan being used toward restitution with the understanding that it will not affect his wife's independent and separate membership interest in the Plan.

proceeds of his offenses, and (b) consents to those assets being included in an Amended Preliminary Order of Forfeiture upon application of the government, at some future date, and/or used toward the payment of restitution in this criminal case, with the decision whether to have the assets forfeited or used directly toward restitution to be within the sole discretion of the government.

8. Defendant, by signing below, agrees, on behalf of himself and on behalf of his interests in all companies in which he has an interest, to the forfeiture to the United States of the property listed below as proceeds of the offenses to which he pleaded guilty. Defendant agrees that there is a sufficient nexus between Defendant's violations and the property listed below, and therefore, such property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(7).

9. NOW THEREFORE, based upon Defendant's guilty plea to Health Care Fraud (Counts 3-6 and 9-17) in violation of 18 U.S.C. § 1347, Conspiracy to Pay and Receive Kickbacks (Count 20) in violation of 18 U.S.C. § 371, and Money Laundering (Counts 22-23) in violation of 18 U.S.C. § 1956(a)(1)(A)(i), as charged in the Fourth Superseding Indictment, the factual basis that was provided at Defendant's guilty plea hearing, the Second Superseding Forfeiture Bill of Particulars, the Supplement to Government's Second Superseding Forfeiture Bill of Particulars, Defendant's execution of this Stipulated Preliminary Order of

Forfeiture, and other information in the record, and pursuant to 18 U.S.C. § 982,

**IT IS HEREBY ORDERED** that the property listed below (hereafter referred to as the "Subject Property") **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, any right, title or interest of Defendant's companies to the extent of Defendant's interest in such companies, and any right, title or interest that Defendant's heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**:

**CURRENCY:**

a) $553,513.52 in funds from Cor Clearing, bank account #86728520, in the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust;

b) $3,486,024.58 in funds from Cor Clearing, bank account #13724843, in the name of Fatogemar Enterprises LLC;

c) $221,547.34 in funds from Huntington National Bank, bank account #1382102984, in the name of United Diagnostics PLLC;

d) $31,918.87 in funds from Huntington National Bank, bank account #01382103019, in the name of Michigan Radiation Institute;

e) $46,254.01 in funds from Huntington National Bank, bank account #01382101202, in the name of Midwest Institute of Professionals;

f) $72,745.70 in funds from Huntington National Bank, bank account #01382047793, in the name of Swan For Life Foundation;

g) $243,044.02 in funds from Huntington National Bank, bank account #01382101192, in the name of Vital Pharmacare;

h) $159,031.55 in funds from JP Morgan Chase Bank, bank account #849373022, held in the name of Swan For Life Foundation;

i) $3,049,304.01 in funds from Huntington National Bank, bank account #01381944334, held in the name of Michigan Hematology-Oncology, P.C.;

j) $136,815.23 in funds from JP Morgan Chase Bank, bank account #695030288, held in the name of Michigan Hematology-Oncology, P.C.;

k) $687,144.10 in funds from Bank of America Account #375011156856, held in the name of Michigan Hematology Oncology;

l) $264,566.07 in funds from Huntington National Bank Account #1382043629, held in the name of Swan for Life Foundation;

m) $30,388.93 in funds from CIG Corp. Account #21899934, held in the name of Swan for Life Foundation;

n) $3,228.56 in funds from COR Clearing Account #20236269, held in the name of Fata Family Foundation;

o) $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata;

**VEHICLE PROCEEDS:**

p) All proceeds resulting from the interlocutory sale of the 2011 Acura RDX Turbo SUV, VIN: 5J8TB1H22BA001796, which constitute the "substitute res" for the Acura;

**REAL PROPERTY PROCEEDS:**

q) All net proceeds resulting from the sale of the Real Property located at 5800 Bow Pointe Drive, Clarkston, Michigan, and at 6143 Sashabaw Road, Clarkston, Michigan (approximately $1,442,232.04,), which now constitute the "substitute res" for this real property, as more fully described in the Second Superseding Forfeiture Bill of Particulars

(*Dkt. #86*);

## INSURANCE POLICIES:

r)  John Hancock Life Insurance Company (U.S.A.) Account Number 46742037, and the cash value of this life insurance policy;

s)  Hartford Life Insurance Company Account Number VL8109128, and the cash value of this life insurance policy;[2]

## OTHER ASSETS:

t)  Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Generation One, as documented in CIG Corp. Account No. 13724843;

u)  Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Madison Business Park, as documented in CIG Corp. Account No. 13724843;

v)  Pershing, LLC, Account No. TR6002414 held in the name of Fatogemar Enterprises, LLC;

w)  Account No. 1372-4843 held in the names of "Fatogemar Enterprises LLC" and "Farid Fata" with ATEL 12, LLC;

x)  Columbia Property Trust, Inc., Account No. 1001319887 (Formerly Wells REIT II Account No. 521001319887), held in the name of Fatogemar Enterprises, LLC;

y)  CIG Capital Partners LP, Account No. 1372-4843-PE, held in the name of CIG Capital Partners, LP;

z)  CIG CAM LP, Account No. 1372-4843-CAM, held in the name of CIG CAM, LP;

aa) CIG Plenastrategy Fund LP, Account No. 1372-4843-Plena, held in

---

[2] Defendant agrees to the forfeiture of the Hartford life insurance policy with the understanding that it will not affect any claim or interest his wife may have in this policy.

      the name of CIG Plenastrategy Fund, LP;

bb) ICON Leasing Fund Twelve, LLC Account No. 143347 held in the name of Fatogemar Enterprises, LLC;

cc) Inland American Real Estate Trust, Inc. Account No. 2812927008 held in the name of Fatogemar Enterprises, LLC; and

dd) All assets being administered in the action for the benefit of creditors, In RE Michigan Hematology-Oncology, PC, et al., Case No. 2013-137010, which is pending in State of Michigan In the Circuit Court for the County of Oakland (the "ABC case").

10. IT IS FURTHER ORDERED THAT a money judgment in the amount of $17,601,233.00 is granted and entered against Defendant in favor of the United States of America, representing an amount of gross proceeds obtained as a result of Defendant's health care fraud violations as alleged in the Fourth Superseding Indictment. The money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant.

11. IT IS FURTHER ORDERED THAT the United States is authorized, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 32.2(c)(1)(B), to conduct discovery to help identify, locate, or dispose of the Subject Property, to seize any assets identified above, which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

12. IT IS FURTHER ORDERED THAT, upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), and other

applicable statutes, the United States shall publish on www.forfeiture.gov, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

13.   IT IS FURTHER ORDERED THAT, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in

accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

14.     IT IS FURTHER ORDERED THAT, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.  If: (1) no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), or (2) any petitions for ancillary hearing are disposed of or adjudicated in favor of the United States, then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

15.     IT IS FURTHER ORDERED THAT, after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture; the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

16.     IT IS FURTHER ORDERED THAT, the Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of

Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

s/Linda Aouate
Linda Aouate
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9587
linda.aouate@usdoj.gov
Bar No. P-70693

Dated: July 9, 2015

S/Mark Kriger
Mark Kriger, Esq.
Attorney for Farid Fata
645 Griswold Street, Suite 1717
Detroit, MI 48226
(313) 967-0100
mkriger@sbcglobal.net
Bar No. P-30298

Dated: July 9, 2015

S/Christopher Andreoff
Christopher Andreoff, Esq.
Attorney for Farid Fata
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
(248) 351-3000
candreoff@jaffelaw.com
Bar No. P-10193

Dated: July 9, 2015

S/Farid Fata (see attached pg.)
Farid Fata, Defendant

Dated: July 9, 2015

*******************************************************************

**IT IS SO ORDERED.**

Dated: July 9, 2015

s/Paul D. Borman
HONORABLE PAUL D. BORMAN
United States District Court Judge

Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

s/Linda Aouate
Linda Aouate
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9587
linda.aouate@usdoj.gov
Bar No. P-70693

Dated: July 9, 2015

Mark Kriger, Esq.
Attorney for Farid Fata
645 Griswold Street, Suite 1717
Detroit, MI 48226
(313) 967-0100
mkriger@sbcglobal.net
Bar No. P-30298

Dated: July 9, 2015

Christopher Andreoff, Esq.
Attorney for Farid Fata
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
(248) 351-3000
candreoff@jaffelaw.com
Bar No. P-10193

Dated: July 9, 2015

Farid Fata, Defendant

Dated: July 9, 2015

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated:

HONORABLE PAUL D. BORMAN
United States District Court Judge

11