# United States District Court
## Eastern District of Michigan

United States of America

V.

FARID FATA, M.D.

[AKA: Fata, Farid Tanios; Fata, Farid T., Fata, Farid]

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 13CR20600-1

USM Number: 48860-039

Christopher Andreoff, Mark Kriger
Defendant's Attorney

**THE DEFENDANT:**

■ Pleaded guilty to count(s) **3-6; 9-17; 20; 22-23 of the Fourth Superseding Indictment.**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

   The defendant is sentenced as provided in pages **2 through 9** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 10, 2015
Date of Imposition of Judgment

s/Paul D Borman
United States District Judge

July 14, 2015
Date Signed

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1347 | Health Care Fraud. | 08/2013 | 3ssss-6ssss; 9ssss-17ssss |
| 18 U.S.C. § 371 | Conspiracy to Pay and Receive Kickbacks | 08/2013 | 20ssss |
| 18 U.S.C. § 1956(a)(1)(A)(i) | Money Laundering | 5/3/2013 | 22ssss |
| 18 U.S.C. § 1956(a)(1)(A)(i) | Money Laundering | 7/2/13 | 23ssss |

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**Count 3ssss: 120 months; Counts 4ssss-6ssss and 9ssss-17ssss: 120 months, to run concurrently to each other but consecutively to all other counts; Count 20ssss: 60 months to run consecutively to all other counts; Count 22ssss: 240 months to run consecutively to all other counts; Count 23ssss: 60 months to run concurrently to all other counts.  The total period of incarceration ordered is 540 months.**

The court makes the following recommendations to the Bureau of Prisons:  **The defendant participate in the Residential Drug Abuse Program (RDAP); the defendant be assigned to Milan FCI.**

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.


_____
United States Marshal


_____
Deputy United States Marshal

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **36 months on each count, to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

## SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the:**restitution**, **special assessment** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall provide the probation officer access to any requested financial information.

■ The defendant shall participate in a program approved by the Probation Department for mental health counseling.  ■ If necessary.

**The defendant shall not use or possess alcohol.**

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

# CRIMINAL MONETARY PENALTIES

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 1,600.00 | $ 0.00 | $ 0.00 |

The determination of restitution is deferred until a hearing is held.  An *Amended Judgment in a Criminal Case* will be entered after such determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources at present time.

Judgment-Page 8 of 10

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$1,600.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program.  The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance.  All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

    **See detail list attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:  FARID FATA, M.D.
CASE NUMBER:  13CR20600-1

# ADDITIONAL FORFEITED PROPERTY

Pursuant to 18 U.S.C. 982, defendant shall forfeit to the United States the following property:

CURRENCY:

a) $553,513.52 in funds from Cor Clearing, bank account #86728520, in the name of Nohad Fata-Malkoum TTEE, Fata 2012 Grantor Charitable Lead Annuity Trust;

b) $3,486,024.58 in funds from Cor Clearing, bank account #13724843, in the name of Fatogemar Enterprises LLC;

c) $221,547.34 in funds from Huntington National Bank, bank account  #1382102984, in the name of United Diagnostics PLLC;

d) $31,918.87 in funds from Huntington National Bank, bank account #01382103019, in the name of Michigan Radiation Institute;

e) $46,254.01 in funds from Huntington National Bank, bank account #01382101202, in the name of Midwest Institute of Professionals;

f) $72,745.70 in funds from Huntington National Bank, bank account  #01382047793, in the name of Swan For Life Foundation;

g) $243,044.02 in funds from Huntington National Bank, bank account #01382101192, in the name of Vital Pharmacare;

h) $159,031.55 in funds from JP Morgan Chase Bank, bank account #849373022, held in the name of Swan For Life Foundation;

i) $3,049,304.01 in funds from Huntington National Bank, bank account #01381944334, held in the name of Michigan Hematology-Oncology, P.C.;

j) $136,815.23 in funds from JP Morgan Chase Bank, bank account  #695030288, held in the name of Michigan Hematology-Oncology, P.C.;

k) $687,144.10 in funds from Bank of America Account #375011156856, held in the name of Michigan Hematology Oncology;

l) $264,566.07 in funds from Huntington National Bank Account #1382043629, held in the name of Swan for Life Foundation;

m) $30,388.93 in funds from CIG Corp. Account #21899934, held in the name of Swan for Life Foundation;

n) $3,228.56 in funds from COR Clearing Account #20236269, held in the name of Fata Family Foundation;

o) $161,315.06 in funds from COR Clearing Account #50018894, held in the name of Nohad Fata and Farid Fata;

VEHICLE PROCEEDS:

p) All proceeds resulting from the interlocutory sale of the 2011 Acura RDX Turbo SUV, VIN: 5J8TB1H22BA001796, which constitute the "substitute res" for the Acura;

REAL PROPERTY PROCEEDS:

q) All net proceeds resulting from the sale of the Real Property located at 5800 Bow Pointe Drive, Clarkston, Michigan, and at 6143 Sashabaw Road, Clarkston, Michigan (approximately $1,442,232.04,), which now constitute the "substitute res" for this real property, as more fully described in the Second Superseding Forfeiture Bill of Particulars (Dkt. #86);

AO245B [Rev. 12/03] Judgment in a Criminal Case
Case 2:13-cr-20600-PDB-DRG   ECF No. 158   filed 07/14/15   PageID.2468   Page 10 of 10

Judgment-Page 10 of 10

INSURANCE POLICIES:

r) John Hancock Life Insurance Company (U.S.A.) Account Number 46742037, and the cash value of this life insurance policy;

s) Hartford Life Insurance Company Account Number
VL8109128, and the cash value of this life insurance policy;

OTHER ASSETS:

t) Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Generation One, as documented in CIG Corp. Account No. 13724843;

u) Any and all interest that Defendant Farid Fata and Fatogemar LLC have in Madison Business Park, as documented in CIG Corp. Account No. 13724843;

v) Pershing, LLC, Account No. TR6002414 held in the name of Fatogemar Enterprises, LLC;

w) Account No. 1372-4843 held in the names of "Fatogemar Enterprises LLC" and "Farid Fata" with ATEL 12, LLC;

x) Columbia Property Trust, Inc., Account No. 1001319887 (Formerly Wells REIT II Account No. 521001319887), held in the name of Fatogemar Enterprises, LLC;

y) CIG Capital Partners LP, Account No. 1372-4843-PE, held in the name of CIG Capital Partners, LP;

z) CIG CAM LP, Account No. 1372-4843-CAM, held in the name of CIG CAM, LP;

aa) CIG Plenastrategy Fund LP, Account No. 1372-4843-Plena, held in the name of CIG Plenastrategy Fund, LP;

bb) ICON Leasing Fund Twelve, LLC Account No. 143347 held in the name of Fatogemar Enterprises, LLC;

cc) Inland American Real Estate Trust, Inc. Account No. 2812927008 held in the name of Fatogemar Enterprises, LLC; and

dd) All assets being administered in the action for the benefit of creditors, In RE Michigan Hematology-Oncology, PC, et al., Case No. 2013-137010, which is pending in State of Michigan In the Circuit Court for the County of Oakland (the "ABC case").

MONEY JUDGMENT:

Defendant shall pay the United States the amount of $17,601,233.00 in U.S. Currency, representing an amount of gross proceeds obtained as a result of Defendants health care fraud violations as alleged in the Fourth Superseding Indictment for which he stands convicted.

The Stipulated Preliminary Order of Forfeiture, entered on July 9, 2015 (Dkt. # 154), is incorporated herein by this reference.