

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  　　　　　　　　　　　　　　　　No.  13-cr-20600
　　　　　　　　　　　　　　　　　　Hon. Paul D. Borman

FARID FATA, M.D.

　　　　Defendant.
_____/

## ORDER ESTABLISHING RESTITUTION PLAN
## AND REVIEW OF CLAIMS FOR RESTITUTION

Defendant Dr. Farid Fata was convicted of, among other offenses, Health Care Fraud, in violation of 18 U.S.C. § 1347. Dr. Fata's sentencing hearing was held and a Judgment was issued, with the determination of restitution being deferred to a later hearing date.

Pursuant to the Mandatory Victim Restitution Act of 1996 (MVRA), Pub. L. No. 104-132, § 204(a), 110 Stat. 1227 (1996) (codified as amended at 18 U.S.C. § 3663A), a United States District Court shall order that a defendant make restitution to the victim(s) of certain offenses, including offenses involving fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). The MVRA provides, however, that a court is not obligated to order restitution if it finds that (1) "the number of identifiable victims is so large as to make restitution impractical" or (2) "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to

any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3).

On July 30, 2015, March 10, 2016, and March 28, 2016, hearings were held regarding the determination of restitution during which the government proposed to the Court a restitution plan which would identify the patient victims to whom restitution should be ordered and amounts of restitution with respect to those areas of restitution that are readily determinable under the plan set forth below.

The Court finds that there are complex issues of fact with respect to the areas of restitution not included in the plan. Determining the cause and amount of each victim's losses in the areas not included in the plan would unreasonably prolong the sentencing process and incur a monetary expense to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process.

As set forth by the government at the July 30, 2015, March 10, 2016, and March 28, 2016 hearings, the Court will order restitution in defined categories to former patients of Dr. Fata who are victims of Dr. Fata's offenses and representatives of their legal estates (hereinafter, collectively, "former patients")[1]. In an attempt to identify the former patients to whom restitution should be ordered

---

[1] As used in this Order, the term "patient" means a patient who received at least one office-based evaluation and management service (i.e., office visit) from Farid Fata as the rendering physician. The term "former patient" includes former patients of Dr. Fata, or if deceased, the personal representative of his/her estate.

2

and the amount to be paid, the Court sets forth the following plan for determining restitution:

1. The government shall post on its victim notification website, located at http://www.justice.gov/usao-edmi/us-v-farid-fata-court-docket-13-cr-20600, instructions and a restitution claim form on or about June 1, 2016 to provide former patients who wish to request restitution the opportunity to submit a claim. Consistent with its obligations under the Crime Victims' Rights Act, 18 U.S.C. § 3771, and MVRA, the government shall further mail copies of the instructions and restitution claim form to all victims previously confirmed through the government's investigation. The claim form will also be available on a dedicated website for the restitution process, www.fataclaims.com. The www.fataclaims.com website will be accessible to the public beginning on or about June 1, 2016.

2. Former patients who wish to request restitution must submit the restitution claim form and supporting documents, according to the instructions on the claim form, on or before October 5, 2016.

3. The claims facilitator retained by the Department of Justice, Ms. Randi Ilyse Roth, shall review and evaluate the claims and supporting documents submitted by former patients. The facilitator shall make a recommendation as to whether a former patient has met the requirements to be identified as a victim and

3

the amount due each such victim for purposes of restitution in this case. The facilitator's review and recommendation shall be completed by a date to be determined by the Court after the facilitator reports to the Court the number and complexity of claims submitted.

  4. The facilitator shall review and make a recommendation to allow or disallow claims for only the following categories of practicable, determinable restitution:

   a) All non-reimbursed, out-of-pocket, medical expenses paid by a former patient for medical services provided by Dr. Farid Fata or at his direction from April 11, 2005 until August 6, 2013. Former patients will be required to either:

    (1) submit proof of payment of these expenses; or

    (2) submit documentation that certain monies were owed; and submit a written declaration, under oath, swearing that the monies owed were paid.

No medical opinion will be required.

Requests in this category must also include an affirmation that the claimant has a good faith belief that the expenses were incurred as a result of overtreatment, mistreatment, unnecessary treatment, or

    material misrepresentations by Dr. Fata regarding their disease and/or treatment.

  b) All non-reimbursed, out-of-pocket medical expenses for remedial measures that were incurred as a result of any inappropriate or unnecessary treatments ordered or provided by Dr. Farid Fata. These expenses will relate to services provided by other medical providers after leaving the care of Dr. Fata, up to and including September 6, 2016. Requests in this category must comply with specific instructions that will be provided in the claim form, including the signed statement of a rendering physician attesting that the physician has reviewed the patient's medical records and that the expenses were incurred in order to remediate the effects of inappropriate treatment by Dr. Farid Fata.

    Expenses for remedial measures may include medical services that have been completed prior to the deadline to submit a claim, but for which the patient has not paid the full cost before the claim submission deadline, if the patient can document a contract for services with a defined amount.

  c) All non-reimbursed, out-of pocket expenses for psychological and psychiatric mental health treatment and prescription mental health

medications from April 11, 2005 through September 6, 2016, needed as a result of treatment by Dr. Farid Fata. Requests in this category must comply with specific instructions that will be provided in the claim form including a signed statement of the mental health provider that the expenses were incurred to remediate the mental health effects of treatment by Dr. Farid Fata.

5. In the event that the sum of the claims approved for restitution to former patients under paragraphs 4(a), 4(b) and 4(c) exceeds the sum of the funds currently available, each former patient may not receive the full amount recommended by the facilitator.

6. The Department of Justice will include in its claim form a section requesting submission of information from family members of former patients who wish to request a contribution toward funeral expenses incurred because the deceased was a former patient of Dr. Farid Fata. It would unreasonably prolong the restitution process to determine whether each death was caused by the actions or inactions of Dr. Farid Fata. It is, however, appropriate to provide a process to determine the amount of funeral costs incurred by the families. After review of the claims submitted for this category of loss, along with review of the claims submitted in all other categories of loss, a determination will be made as to the amount of allowable costs associated with funerals.

7. The facilitator will notify the former patients concerning the facilitator's recommendation as to any claim.

8. The Court will establish a process for a claimant to appeal the facilitator's recommendation. The process will be set forth by a further Order of the Court.

9. Claims allowed for restitution to former patients shall be limited to the categories of claims specifically identified in this Order. No other claim will be allowed as restitution for former patients.

10. Upon reviewing and considering the recommendations of the facilitator, the Court will make a restitution determination and an Amended Judgment in a Criminal Case will be entered.

11. For the reasons stated on the record at the hearings held on March 10, 2016, and March 28, 2016, the procedures and dates set forth in this Order, and the legal precedent set forth in the United States Supreme Court case of *United States v. Dolan*, 130 S. Ct. 2533 (2010), the restitution hearing in this case is adjourned from July 22, 2016, until November 1, 2016.

**IT IS SO ORDERED.**

DATED: APR 1 1 2016

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE