UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                        Case Nos. 13-cr-20600
                                           18-cv-11599

FARID FATA,                         District Judge Paul D. Borman
                                           Magistrate Judge David R. Grand

    Defendant/Petitioner    /

**ORDER**

1. **REJECTING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #258)**

2. **ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

3. **DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF #212)**

4. **DENYING A CERTIFICATE OF APPEALABILITY**

On September 16, 2014 Defendant Farid Fata pled guilty to multiple crimes relating to his knowing administration of chemotherapy and other cancer-fighting treatments to hundreds of patients/victims who either did not have cancer or did not need the treatments.

On July 10, 2015 this Court sentenced Defendant Fata to a total of 45 years imprisonment.

On May 25, 2016, the U.S. Court of Appeals for the Sixth Circuit affirmed his conviction (Docket 187).

On May 26, 2017 the Supreme Court denied his petition for a writ of certiorari (Docket 198).

On May 22, 2018, Fata filed a Motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence (ECF #212). Fata's Petition "raised one ground for relief -- counsel [Christopher Andreoff] was ineffective for advising Fata to plead guilty" (ECF #212-1 at 8).

On October 15, 2018 United States filed a Brief in Opposition (ECF #225).

Presently before the Court is Fata's Motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence.

This Court referred Fata's §2255 Petition to Magistrate Judge David R. Grand for a report and recommendation.

On February 7, 2020 Magistrate Judge Grand issued a comprehensive 40-page "Report and Recommendation [R&R] to Deny Defendant Farid Fata's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. [ECF #212]" The R&R also set forth reasons why this Court should deny Fata a certificate of appealability (ECF #258, p. 38, Page ID 3886).

Magistrate Judge Grand's R&R was issued after receiving multiple briefings and exhibits from both parties, and after holding an evidentiary hearing on July 30,

2019, at which he received testimony from Fata and his two attorneys, Christopher Andreoff and Mark Kriger.

Fata's objections to the R&R list four items (ECF #261):

1. Fata's §2255 leniency claim is not foreclosed by *Logan [v. United States*, 910 F.3d 864 (6th Cir. 2018)] (ECF #261, p. 4, Page ID 3897).

2. The Court should find Mr. Andreoff's testimony incredible compared to Fata's and Mr. Kriger's testimony (*Id.*, p. 6, Page ID 3899).

3. Cooperation argument.

4. Prejudice. (*Id.*, p. 17, Page ID 3910).


Objection #1.   Fata's 2255 leniency claim is not foreclosed by *Logan [v. United States*, 910 F.3d 864 (6th Cir. 2018)].

Fata challenges Magistrate Judge Grand's conclusion that *Logan* forecloses Defendant's claim of ineffective assistance of counsel, even if one were to conclude that Attorney Andreoff provided ineffective assistance of counsel -- which Magistrate Judge Grand concluded, and to which this Court agrees, that he did not provide ineffective assistance of counsel.

This Court agrees with Magistrate Judge Grand's discussion of *Logan*:

> Sixth Circuit case law makes clear that Fata cannot obtain §2255 relief by ignoring one "effective" counsel's advice in favor of different advice from his other counsel. *Logan v. United States*. To hold otherwise would allow defendants represented by multiple lawyers to take two bites at the apple….(ECF #258, Page ID 3850).

3

Further, even if *Logan* does not control this case, Magistrate Judge Grand's discussion and conclusions relating to Fata's three other objections establishes that Fata was not deprived of effective assistance of counsel under the Sixth Amendment.  *Strickland v. Washington*, 104 S.Ct. 2052 (1984).

    Objection #2.    <u>The Court should find Mr. Andreoff's testimony incredible compared to Fata's and Mr. Kriger's testimony</u>.

Magistrate Judge Grand's opinion proceeds from discussion of a "legal perspective", *supra*, to a discussion of a "factual perspective":

> Second, from a factual perspective, an evidentiary hearing held in this matter leaves no doubt that Fata's contentions about the purported "advice" and representations he received from Andreoff (and Kriger) are untrue.  When Fata decided to plead guilty, he did so against the advice of <u>both</u> of his attorneys.  He was never promised an opportunity to meet with the Government in person regarding potential cooperation, and was never promised any cooperation credit.  Indeed, the hearing established that one of the key documents on which Fata's 'cooperation' argument is based contains forged signatures of his attorneys.  For these reasons and those explained below, Fata's §2255 Motion should be denied.

(ECF #258, *Id.*) (Emphasis in original).

This Court concludes that Magistrate Judge Grand's incisive opinion summarizing the facts that came out at the evidentiary hearing, clearly supports his conclusion that Attorney Andreoff's testimony was not incredible but rather that Defendant Fata's testimony was incredible.  This Court agrees.

This Court further concludes that Mr. Kriger was an active co-counsel in representing Defendant Fata throughout the proceedings, as evidenced by their joint presence at court hearings, at meeting with potential doctor/experts to seek testimony that could help at trial, that didn't pan out, their meetings with Fata's fellow doctors -- same result --, at a deposition of a patient, their presence at the Government's reverse proffer, and at the post-plea interview of Defendant by the probation officer writer of the presentence report.  And, of course, both were present at the sentencing and both signed the Defendant's sentencing memorandum.

As Magistrate Judge Grand noted in describing Fata's plea hearing:

> Fata then testified that he had discussed the matter with Andreoff and Kriger and was "satisfied with their advice and service".

(ECF #258, R&R, p. 4, Page ID 3852).  Further, Magistrate Judge Grand noted:

> In a letter he wrote to Judge Borman prior to sentencing Fata similarly explained, "[My attorneys] were both preparing for my trial, but I decided to accept responsibility, plead guilty and save my patients from having to take the stand at trial."

(ECF #258, R&R, p. 5, Page ID 3853).

In addition, as Magistrate Judge Grand incisively noted, with regard to the Kriger Affidavit that stated that Dr. Fata decided to follow the advice of my co-

counsel [Andreoff] and plead guilty in footnote 4 on page 9, Page ID 3857, Grand wrote:

> It turns out that the statements highlighted above in Kriger's declaration were not entirely accurate. First, the credible evidence unequivocally establishes that Andreoff (and Kriger) initially worked diligently to establish a trial defense, including by finding experts who would defend the treatments Fata ordered. It was only after these efforts proved fruitless that Andreoff became in favor of attempting to negotiate a plea deal with an agreed-upon maximum sentence. When it became apparent that the Government would not offer any deal, Andreoff, like Krieger, recommended that Fata go to trial. Second, and relatedly, whereas Kriger averred, "I had Fata execute a written statement that he was pleading guilty against my advice", in fact, the "written statement" (which was not supplied to the Court until after it ordered an evidentiary hearing) makes clear that Fata decided to plead guilty against the advice of both Kriger and Andreoff. (ECF #212-3, Page ID 3315) (Emphasis added). The Court will refer to this "written statement", which is dated September 4, 2014 and signed by Fata, Kriger and Andreoff, as the "waiver". (ECF #244-3).

(ECF #258, R&R, p. 9, Page ID 3857).

This Court finds that this opinion by Magistrate Judge Grand supports his conclusion that Andreoff's testimony was credible, compared to Fata's testimony."


Objection #3.    Cooperation argument.

Magistrate Judge Grand found, correctly, that Fata's cooperation argument is actually leveled at both of his attorneys (ECF #258, R&R, p. 10, Page ID 3858):

6

> In his declaration Fata averred "both of my attorneys advised me that the Government would sit down with me, in good faith, to debrief me after I pled guilty…" (ECF #212-2, Page ID 3309) (Emphasis added). And at the July 30, 2019 evidentiary hearing in this matter, Fata testified that "both" of his attorneys promised that he would absolutely receive a 50% cooperation credit if he pleaded guilty (Tr. p. 41).

(ECF #258, R&R, p. 10, Page ID 3858). Magistrate Judge Grand further noted:

> It is undisputed that in April 2015 the AUSAs met with Fata's counsel regarding Fata's cooperation information and ultimately declined to offer Fata any cooperation credit for information provided to the Government.

(ECF #258, R&R, p. 12, Page ID 3860).

Magistrate Judge Grand pointed out, with regard to "cooperation" that Fata filed a document attached to a Reply filed on November 16, 2018 with "a single page of hand-written notes, dated April 24, 2015, that purports to bear the signatures of his two attorneys, Kriger and Andreoff (the "April 24, 2015 notes") entitled "Mark and Chris knew Sentencing Guidelines" and reflect that the three had some sort of discussions about a "50%" cooperation credit…. (ECF #258, R&R, p. 16, Page ID 3864). Those notes contain the purported signatures of Kriger and Andreoff. Fata testified that these signatures were authentic, i.e., signed by Kriger and Andreoff. (Tr. 49-50) (ECF #258, R&R, p. 19, Page ID 3867). His attorneys testified that those were not their signatures (ECF #258, R&R, p. 19, Page ID 3867 (Kriger), p. 23 (Andreoff), Page ID 3871). Andreoff

7

and Kriger's testimony on this issue was credible, and not challenged. This fraud on the Court clearly undermines Fata's credibility and his assertions challenging Andreoff's credibility and the alleged 50% discount cooperation claim.

This fraud on the Court clearly undermines Fata's credibility and his assertions about Andreoff's credibility, and his 50% cooperation claim.

Magistrate Judge Grand further established that Kriger's evidentiary hearing testimony about his November 25, 2014 e-mail to the AUSAs asserting that the Government had told him that it would "debrief Fata" -- which implies an in-person meeting -- and that he passed that "promise" along to Fata:

> However, when questioned about his e-mail, Kriger did not testify that an actual and definitive promise had been made, but said that he wrote it because "when we told Dr. Fata that [the Government was] not going to debrief him personally, he was upset. So I was hoping that I could get [the Government] to debrief [Fata] personally." (Tr. 57-58).

(ECF #258, R&R, p. 33, Page ID 3881).

Magistrate Judge Grand concluded correctly:

> The real question, then is whether viewed objectively, a defendant in Fata's position would have altered course and proceeded to trial if he learned, prior to entering his guilty plea, that rather than debriefing him in person, the Government would receive his cooperation through his attorneys. That question clearly must be answered in the negative.

(ECF #258, R&R, p. 37, Page ID 3885).

The Court agrees with Magistrate Judge Grand's decision and finds that the extended and comprehensive discussion in the R&R overwhelmingly supported his conclusion that the Defendant would not have proceeded to trial, and that Fata was provided effective assistance by both counsel.

Objection #4.   <u>Prejudice</u>.

This Court concludes that Fata's claim of prejudice because he thought he was pleading guilty to get a significant reduction (50%) in his sentence does not hold up.  This Court concludes that there is no credibility to his 50% claim because it is undermined by his knowingly providing to Magistrate Judge Grand a document Fata created allegedly discussing a 50% claim with his attorneys, containing the forged signatures of his attorneys in an attempt to bolster his prejudice claim.

While Fata hoped to secure a favorable plea agreement sentence cap, and to personally provide a proffer to the Government, the Government refused both of these requests from his counsel.  The Government was willing to permit his attorneys to proffer to them any possible assistance that Fata might be able to provide in the areas of medical fraud or national security.

This Court agrees with the Government's assertion in its Response to Fata's objections:

> Thus Fata's assertion that this Court must focus on his decision-making is wholly inappropriate when the facts used to support his alleged decision-making are completely fabricated.

(ECF #262, Government Response, p. 11, Page ID 3926).

The Court agrees with Magistrate Judge Grand's opinion and finds that the overwhelming evidence at the hearing establishes that Fata pled guilty after every attempt by his two effective counsel to find anything or anyone that would assist his case if he went to trial, came up dry.

Thus, in the end, despite both counsel advising him to go to trial, Fata chose to plead guilty and seek leniency from the sentencing judge. Had Fata gone to trial, and been convicted, the trial judge would have heard a month of testimony from victim/witness patients, medical doctors, medical experts and agents about his knowing administration of chemotherapy and other cancer-fighting treatments to hundreds of patients/victims who either did not have cancer or did not require the treatments.

Defendant Fata's Sentencing Guideline scoring in the presentence report was: Offense Level 43, Criminal History Category I. That created a Guideline range of 2100 months or 175 years' incarceration.

The Government requested a sentence of 175 years. The Defendant's two lawyers, in a very thorough sentencing memorandum, requested a sentence of 25 years.

In sentencing Defendant Fata to 45 year's incarceration, the Court varied significantly below the Guideline range and the Government's request.

The Court concludes that the evidence establishes that from day one through his sentencing, Defendant Farid Fata received effective assistance of counsel from both Christopher Andreoff and Mark Kriger. *Strickland v. Washington*, 104 S.Ct. 2052 (1984).

Accordingly, the Court:

1. Rejects Defendant's objections to Magistrate Judge's Report and Recommendation (ECF #258).

2. Adopts the Magistrate Judge's Report and Recommendation.

3. Denies Defendant's Motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence (ECF #212).

4. Denies a certificate of appealability.

SO ORDERED.

DATED: May 27, 2020        s/Paul D. Borman
                           PAUL D. BORMAN
                           UNITED STATES DISTRICT JUDGE