## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,             CRIMINAL NO. 13-20600

v.                                 HON. PAUL D. BORMAN

FARID FATA,

               Defendant.

_____/

## UNITED STATES' COMBINED RESPONSE AND BRIEF OPPOSING THE DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)

Fata, a man who knows no compassion, again seeks to inflict further pain upon his victims by requesting compassionate release from prison over three decades early.  Once again, this Court must deny his request to be free from the just punishment he deserves and continue to grant the justice his victims deserve.

### Background

On May 5, 2020, Fata moved for compassionate release under Title 18, United States Code, Section 3582(c)(1)(A), seeking release from prison based on the Covid-19 pandemic. (ECF No. 265). On July 10, 2020, this Court denied his motion. (ECF No. 284). On July 30, 2020, Fata filed a *pro se* notice of appeal from

the order denying his motion. (ECF No. 289). Because Fata failed to file a timely

notice of appeal, the government filed a Motion to Dismiss his appeal with the

United States Court of Appeals for the Sixth Circuit. (Case No. 20-1762; Doc. 10).

On October 8, 2020, the Sixth Circuit ruled that the government properly raised the

timeliness issue by filing a motion to dismiss. (Case No. 20-1762; Doc. 13-2, pg.

2). However, because Fata filed a notice of appeal within thirty days, the Sixth

Circuit remanded the case to this Court to determine "whether Fata can show

excusable neglect or good cause warranting an extension of the appeal period."

(Case No. 20-1762; Doc. 13- 2, pg. 2).

On October 23, 2020, this Court received from Fata a pleading entitled,

"Motion that Fata's Notice of Appeal was Timely." (ECF No. 293).  On January 6,

2021, this Court held that Fata's appeal was not timely and that he failed to show

excusable neglect or good cause warranting an extension of the appeal period.

(ECF No. 299, PageID.4522).  Thereafter, on January 28, 2021, the Sixth Circuit

dismissed Fata's appeal.  (Case No. 20-1762; Doc. 20-2).

On February 2, 2021, Fata filed a *pro se* motion for reconsideration.  (ECF

No. 302, PageID.4555: Motion).  Because it is untimely and fails to show a

palpable defect, it must be denied.

## Argument

### I.     Fata's Motion for Reconsideration is Untimely.

Fata is not entitled to reconsideration of this Court's order denying him compassionate release because the motion for reconsideration is untimely. Local Rule 7.1(h)(1) states that: "a motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). This Court issued its opinion on July 10, 2020. (ECF No. 284). Fata signed and dated his motion for reconsideration on February 2, 2021. (ECF No. 302, PageID.4566). His motion for reconsideration, therefore, is untimely. And, district courts do not have discretion to enlarge the time for seeking for reconsideration of their orders. *See Allen v. Hemingway,* 24 Fed. Appx. 346, 347 (6th Cir. 2001); *Denley v. Shearson/American Express, Inc.,* 733 F.2d 39, 41 (6th Cir. 1984), *superseded by statute on other grounds as recognized in Arnold v. Arnold Corp.–Printed Commc'ns for Bus.,* 920 F.2d 1269, 1275 n. 5 (6th Cir. 1990). So, this Court lacks jurisdiction to entertain Fata's motion for reconsideration because it was filed more than fourteen days after the Court issued its opinion and order. *See Allen,* 24 Fed. Appx. at 347. Fata elected to attempt to appeal this Court's decision in lieu of filing a motion for reconsideration in July, 2020. Once he did so and the window for reconsideration closed, it cannot be reopened. Accordingly, the motion for reconsideration must be denied.

## II.     Fata's Motion Lacks Substantive Merit.

If this Court were to consider the substance of Fata's motion, it must be denied on the merits.  First, pursuant to Local Rule 7.1(h)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. L.R. 7.1(h)(3); *see also Savage v. United States*, 102 Fed. Appx. 20, 23 (6th Cir. 2004); *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F.Supp.2d 628, 632 (E.D. Mich. 2001). When seeking reconsideration, the movant "must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3); *see also Savage*, 102 Fed. Appx. at 23; *Williams,* 192 F.Supp.2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F.Supp.2d 768, 797 (E.D. Mich. 1999). A palpable defect is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004)(internal quotations omitted); *Witzke v. Hiller,* 972 F.Supp. 426, 427 (E.D. Mich. 1997).

Whether this Court strictly construes Fata's pleading as a motion for reconsideration or generously construes it as a new motion for compassionate release, it must be denied.  Fata is asking this Court to revisit the issues already

4

correctly ruled upon by the Court with exception of one new issue:  Fata had

Covid-19 and has recovered.  But, Fata's contraction of and recovery from Covid-

19 actually supports his continued incarceration rather than compassionate release.

Fata was diagnosed with the virus on December 18, 2020, and he has since

recovered. (Ex. 1: 2020 BOP Medical Records, at p. 13)(filed under seal).  At the

time of his positive test result, Fata reported that he had a cough for two days but

he did not have any other symptoms or any respiratory distress.  (Ex. 1: 2020 BOP

Medical Records, at p. 13)(filed under seal). After ten days of quarantine, Fata was

evaluated by medical staff on January 2, 2021.  (Ex. 2: 2021 BOP Medical

Records, at p. 2)(filed under seal).  On January 2, the medical staff detailed his

medical condition establishing his recovery from Covid-19:

> He does not have any of the following CDC symptoms related to COVID 19
> disease that include fever or chills, cough, shortness of breath or difficulty
> breathing, fatigue, muscle or body aches, headache, new loss of taste or
> smell, sore throat, congestion or runny nose, nausea or vomiting or diarrhea.
> The inmate had temperatures and Pulse oxygenations for the last 10 days
> that were within normal limits. The inmate has been asymptomatic for 10
> days or more, fever has been WNL for more than 24 hours and has not taken
> any fever reducing medications, and has had improvement and resolution of
> all symptoms. The case was discussed with the CD. The CD agrees that the
> inmate is stable, therefore he can be released from isolation.

Ex. 2: 2021 BOP Medical Records, at p. 2 (filed under seal).

Those who have recovered from the virus, like Fata, have lasting immunity

for up to eight months after the infection.  *See* https://www.nih.gov/news-

events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19;

https://www.washingtonpost.com/health/post-infection-coronavirus-immunity-usually-robust-after-8-months-study-shows/2021/01/07/d7d369a6-511a-11eb-b96e-0e54447b23a1_story.html.  Due to the ongoing distribution and administration of the Covid-19 vaccine in Bureau of Prisons facilities, Fata's immunity should last until he is vaccinated.  As of March 8, 2021, the Bureau of Prisons has administered, in total, more than 72,000 doses of the Covid-19 vaccine. *See* CDC Covid-19 Vaccine Tracker and BOP COVID-19 Vaccination Implementation. The Bureau of Prisons has already administered the first dose of the vaccine in more than 44,000 staff members and inmates.  *See* CDC Covid-19 Vaccine Tracker.

While the precise timing of each inmate's vaccination will depend on many factors, the Bureau of Prisons is working swiftly to vaccinate inmates who consent to receive the vaccine.  FCI Williamsburg, where Fata is incarcerated, has already administered both doses of the vaccine to 93 inmates. *See* BOP COVID-19 Vaccination Implementation. Thus, due to Fata's expected receipt soon of one of the vaccines with a more than 94% effectiveness rate, *see* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html; https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html, Fata's immunity will almost certainly last until he is vaccinated.  Therefore, there is no extraordinary

reason or compelling justification for releasing him. *See United States v. Jenkins,* 2021 WL 665854, at *4 (S.D. Ind. Feb. 19, 2021) ("To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. . . . The fact that the BOP is now actively vaccinating inmates against COVID-19 . . . only underscores the speculative nature of any concern about reinfection."); *United States v. Rocha*, 2021 WL 134150, at *3 (S.D. Cal. Jan. 14, 2021) ("Given the fact that . . [the defendant] would be an outlier if he was reinfected with the virus and had a stronger reaction the second time around, and that he is likely to get a vaccine soon, the Court is not convinced that the threat of COVID-19 constitutes 'extraordinary and compelling' circumstances justifying [his] release."); *see also United States v. Eric Powell*, No. 12-20052, 2021 WL 613233 at *3 (E.D. Mich. Feb. 17, 2021) (noting that "other cases in the Eastern District of Michigan have reviewed the scientific literature and found that an inmate's extremely low risk of a Covid-19 reinfection is not an extraordinary and compelling reason warranting release") (citing *United States v. Mungarro*, No. 07-20076, 2020 WL 6557972 (E.D. Mich. Nov. 9, 2020); *United States v. Lawrence*, No. 17-20259, 2020 WL 5944463 (E.D Mich. Oct. 7, 2020)).  And, whether or not some of Fata's underlying medical conditions are worsening, the management of Fata's virus by

the Bureau of Prisons demonstrates its ability to manage his care competently until Fata is vaccinated and through the remainder of his prison term.

In addition to asserting his fears of reinfection as a basis for release, Fata asks this Court "to appropriate his substantial rehabilitation as correlative measure to offset the seriousness of Fata's offense that affected many victims" and release him. (ECF No. 392, PageID.4562). For Fata to even suggest that his efforts at rehabilitation could offset his evil crimes reminds us all once again how cruel to the core he is.

Ever since he sought to withdraw his guilty plea in 2018, Fata has utterly failed to accept responsibility for the emotional and physical damage he deliberately inflicted upon his victims. Instead of striving to bring closure and bring them some measure of peace, he repeatedly opens their wounds. *See* ECF No. 272: Exhibits 9, 10, and 11 (Victim Statements submitted in response to Fata's Motion for Reduction in Sentence)(filed under seal). No meaningful rehabilitation can occur without true acceptance of responsibility. The only rehabilitation worthy of this Court's consideration is the rehabilitation needed by Fata's victims as Fata's crimes still cause excruciating physical and emotional effects on his victims and the family members of his victims.

Neither Fata's alleged rehabilitation nor one single 3353(a) factor weighs in favor of releasing Fata when Fata's victims and their families involuntarily

continue to suffer through the consequences of Fata's criminal and inhumane behavior. In its Opinion and Order Denying Fata's Motion for Reduction of Sentence, this Court thoroughly considered the § 3553(a) factors and correctly concluded that "significantly reducing [Fata's] sentence would unjustifiably mitigate the nature and circumstances of his horrific offenses committed on human victims, undermine respect for the law, not result in a just sentence, [and] undermine the deterrence factor of his criminal conduct . . .") (ECF No. 284, PageID.4460). Fata's motion for reconsideration does not raise a single fact or legal issue that could or should alter this Court's conclusion. Fata must serve his full term of 45 years in prison to appropriately recognize the seriousness and magnitude of a devastating scheme that our justice system must deter from ever occurring again to any cancer patient.

### III. If the Court were to grant Fata's motion, it should stay the release order pending any appeal by the United States.

If the Court were inclined to grant Fata's motion, despite the government's arguments above, the government requests that the Court stay its order pending any appeal by the government to the Sixth Circuit.

### Conclusion

Fata's motion for reconsideration should be denied.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

By:   s/*Sarah Resnick Cohen*
SARAH RESNICK COHEN
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9637
E-mail: sarah.cohen@usdoj.gov
Mich. Bar No.: P51968

Date:  March 8, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

I further certify that a copy of the foregoing document, including the sealed Exhibits 1 and 2, were mailed by U.S. mail to the following non-ECF participant:

Farid Fata, #48860-039
FCI Williamsburg
P.O. Box 340
Salters, SC  29590

s/*Sarah Resnick Cohen*
SARAH RESNICK COHEN

Dated: March 8, 2021                    Assistant U.S. Attorney

10